James A. Patten (I.D. No. 1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN P.L.L.C.**
2817 2nd Avenue North, Ste. 300
PO Box 1239
Billings, MT 59103
Telephone (406) 252-8500
Facsimile (406) 294-9500
E-mail: apatten@ppbglaw.com

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: ) | Case No. 18-60291-11 |
| ) | |
| WESTERN CPE, LLC ) | |
| ) | |
| Debtor. ) | |
| ) | |

**CHAPTER 11 PLAN (AUGUST 20, 2018)**

WESTERN CPE, LLC, Debtor and Debtor-in-Possession, hereby propose the following Plan of Reorganization pursuant to Chapter 11 of Title 11, United States Code (hereinafter the "Bankruptcy Code" or the "Code").

### *INTRODUCTION*

The Debtor will continue the operation of its professional seminar production enterprise and will restructure its debts. All payments to be made under this plan will come from the revenues received by the Debtor.

## *ARTICLE I DEFINITIONS*

For the purposes of this plan of reorganization, the following terms will have the respective meanings hereinafter set forth:

1.01. *Allowed Claim*. Shall mean a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or by an order of the Court, or by the terms of this Plan in either case as to which no objection to the allowance thereof has been interposed within applicable period of limitation fixed pursuant to Rule 3003, by an order of the Court, or by the terms of this Plan or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending or (b) which is set out and not claimed as unliquidated, contingent or disputed in Schedules D, E, or F of the Debtors' bankruptcy petition and to which no proof of claim has been filed. The *Allowed Claims* shall not include unmatured or post-petition-interest unless otherwise specifically stated in the Plan.

1.02. *Allowed Secured-Claim*. Shall mean an *Allowed Claim* secured by a lien, security interest or other charge against or interest in property in which the Debtors have an interest, or which is subject to set off under §553 of the Bankruptcy Code, to the extent of the value (determined in accordance with §506 (a) of the Bankruptcy Code), or the interest of the holder of such *Allowed Claim* in the *Debtor's* interest in such property or the extent of the amount subject to set off as the case may be.

1.03   *Commercial Building*. Shall mean that building from which the Debtor's operations are conducted located at 243 Pegasus Drive, Bozeman, Montana. The legal description of the Commercial Building is: Lot 57 of the Final Plat of Galactic Park Subdivision, Gallatin County Montana, according to the Official Plat thereof on file and of record in the office of the County Clerk and Recorder, Gallatin County, Montana.

1.04.   *Confirmation Date*. Shall mean the date upon which an Confirmation Order is entered by the *Court*.

1.05.   *Confirmation Order*. Shall mean the order confirming this Chapter 11 plan.

1.06.   *Court*. Shall mean the United States Bankruptcy Court for the District of Montana in which the *Debtors*' Chapter 11 case, pursuant to which this *Plan* is proposed, is pending or any *Court* having competent jurisdiction hear to appeals on certiorari proceedings thereon.

1.07.   *Debtor*. Shall mean, WESTERN CPE, LLC, Debtor, Debtor-in-Possession and Reorganized Debtor.

1.08.   *Deficiency Claim*. Shall mean the difference, if any, between *Allowed Claim* and an *Allowed Secured Claim*.

1.09.   *Effective Date.* Shall mean a date 60 days after the date of the entry of the Order of Confirmation.

1.10.   *Exculpated Parties.* Shall mean the *Debtors* and all professionals whose employment by the Debtors has been approved by the *Court*.

1.11. *Federal Judgment Rate.* Shall mean the judgment rate of interest described in 28 U.S.C. §1961 as of the *Effective Date*. As of the date of this Plan, the *Federal Judgment Rate* is 2.45%.

1.12. *Order of Confirmation*. Shall mean the order entered by the *Court* confirming the *Plan* in accordance with the provisions of Chapter 11 of the Code which order is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.13. *Pending Litigation.* Shall mean that one disputes pending before a local, state or federal court on the commencement of the above – named Chapter 11 bankruptcy case in which the debtors are plaintiffs as identified and the Debtor's statement of Financial Affairs, Part 4, ¶ 9 filed in this case.

1.14. *Personal Property.* Shall mean all personal property, tangible and intangible, including but not limited to cash, receivables, equipment, machinery, tools, furniture, livestock, and feed.

1.15. *Plan.* Shall mean the Chapter 11 Plan of reorganization as amended or modified in accordance with the Code.

1.16. *Unused Deposit.* Shall mean a deposit paid to the Debtor for (i) a seminar scheduled to be provided prior to April 6, 2018, or (ii) other purchase not completed prior to April 6, 2018.

1.17. *Undefined Terms.* Any term not specifically defined herein shall be ascribed the meaning of such term as provided by the Bankruptcy Code or where the Bankruptcy Code does not provide a particular definition, by the common usage of such term.

### ARTICLE II MEANS FOR IMPLEMENTATION OF THE PLAN

2.01. *Generally.* The *Debtor* shall receive income from the sponsorship and production of professional tax oriented education seminars and webcasts. The *Debtor* shall pay the proceeds to the *Allowed Claims* in the order of priority. The *Debtor* anticipates generating sufficient proceeds from these sources to meet all *Plan* payments, costs and expenses.

2.02. *Payment.* All creditors will be paid from these sources. All creditors will be paid, in the order of priority, under the *Plan*.

### ARTICLE III - UNCLASSIFIED CLAIMS FOR ADMINISTRATIVE EXPENSES AND PRIORITY CREDITORS AND THE PROVISION FOR PAYMENTS OF EACH

3.01. *Administrative Expenses.* Any reasonable administrative expense of the *Debtors*' Chapter 11 case allowed pursuant to §503(b) of the Code and given priority by virtue of §507(a) of the Bankruptcy Code shall be paid on or before the *Effective Date* unless the administrative claimant has agreed to different payment arrangements; administrative expenses may include fees and costs of attorneys, accountants, economic and business consultants, realtors, appraisers, post-petition income taxes, the fees due to the U.S. Trustee, and any administrative expense allowed by application of 11 U.S.C. §503. No such

administrative expense shall be paid until the amount thereof has been approved by an order of the *Court*, except U.S. Trustee's fees, and post-petition income taxes.

 3.02. *Classification.* The administrative fees are unclassified and are not allowed to accept or reject this *Plan*.

 3.03. *Priority Tax Claims.* Allowed claims arising under 11 U.S.C. § 507(a)(8) shall be paid commencing on the Effective Date, through 48 monthly payments computed through a level amortization of the allowed § 507(a)(8) claims with interest at the statutory rates.

### *ARTICLE IV CLASSIFICATION OF CLAIMS OR INTERESTS*

 4.01. *Class I.* The Class I creditor is the creditor holding a first position lien on the *Commercial Building*. The member of this class is the Gallatin County Treasurer.

 4.02. *Class II.* The Class II creditor is the creditor holding a first position mortgage lien on the *Commercial Building*. The member of this class is Rocky Mountain Bank.

 4.03. *Class III.* The Class III creditors are those creditors holding allowed priority claims other than claims described in 11 U.S.C. §§ 507(a)(2), 507(a)(3), and 507(a)(8).

 4.04. *Class IV.* The Class IV creditors are the creditors holding allowed general unsecured claims less than $5000.

 4.05. *Class V.* The Class V creditors are creditors holding allowed general unsecured claims of $5000 or more.

 4.06. *Class VI.* The Class VI creditors are creditors holding allowed general unsecured claims and who are indebted to the Debtor for pre-petition debts.

4.07. *Class VII.* The Class VII creditors are those creditors holding a general unsecured claims based on an *Unused Deposit*.

### ARTICLE V - IMPAIRMENT OF CLASSES

5.01. *Class I.* The Class I creditor will be impaired.

5.02. *Class II.* The Class II creditor will be impaired.

5.03. *Class III.* The Class III creditors, if any, will be impaired.

5.04. *Class IV.* The Class IV creditors will be impaired.

5.05. *Class V.* The Class V creditors will be impaired.

5.06. *Class VI.* The Class VI creditors will not be impaired.

5.07. *Class VII.* The Class VII creditors will be impaired.

### ARTICLE VI -PROVISIONS FOR PAYMENT OF CLAIMS

6.01. *Administrative.* The allowed administrative claim will be paid upon approval by the *Court* and before the *Effective Date*, unless otherwise agreed by the administrative claimant.

6.02. *Class I.* The Class I *Allowed Secured Claim* will be paid, commencing on the *Effective Date*, through 48 monthly payments computed through a level amortization of the allowed Class I claim with interest at 10%.

6.03. *Class II.* The Class II *Allowed Secured Claim* will be paid, commencing on the *Effective Date*, through 120 monthly payments computed through a level amortization of the allowed Class II claim with interest at 6%.

6.04. *Class III*. The Class III Priority Claims will be paid, commencing on the Effective Date, through 48 monthly payments computed through a level amortization of the allowed Class III claim with interest at the statutory rates.

6.05. *Class IV*. The Class IV *Allowed General Unsecured Claims* will be paid, commencing on the *Effective Date*, through 12 monthly payments computed through a level amortization of the allowed Class IV claim with interest at the *Federal Judgment Rate*.

6.06. *Class V*. The Class V *Allowed General Unsecured Claims* will be paid, commencing on the *Effective Date*, through 48 monthly payments computed through a level amortization of the allowed Class III claim with interest at the *Federal Judgment Rate*.

6.07. *Class VI*. The holders of the Class VI *Allowed General Unsecured Claims* will be paid by an offset, on the Effective Date, of the *Allowed General Unsecured Claim* in the amount of the indebtedness of the Debtor owed to the Class VI claimants. Any portion of the Class VI *Allowed General Unsecured Claim* not paid through such offset shall be allowed as a Class IV or V *Allowed General Unsecured Claim*.

6.08. *Class VII*. The holders of Class VII Allowed General Unsecured Claim will be paid through the Debtor's continued recognition of the *Unused Credit* which will be honored if used at any time before the one-year anniversary of the *Effective Date*. A list of the Class VII members is attached hereto and incorporated herein.

6.09. *Class V Election*. The holder of a Class V *Allowed General Unsecured Claim* may elect treatment in a ballot accepting this Plan as a Class IV *Allowed General Unsecured Claim* with an *Allowed Claim* fixed in the amount of $4999.99 and paid pursuant to ¶ 6.05.

6.10.  *Retention of Liens*.  The holders of the Classes I and II *Allowed Secured Claims* shall retain their liens, if any, until their claim secured by said lien is paid in accordance with this Plan.

## ARTICLE VII - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

## EXECUTORY CONTRACTS.

7.01.  The *Debtors* hereby assume the executory contracts and unexpired leases existing as of the commencement of this case except the following which are rejected: Any Class VII claim that may constitute an executory contract.

## ARTICLE VIII - MISCELLANEOUS PROVISIONS

8.01.  Upon confirmation, the *Debtor* shall be revested with all assets and shall retain all property during the term of the *Plan* as provided herein.  The *Debtor* reserves any contingent or unliquidated claim they may hold against any claimant or third party whether identified on Schedule B, arising pre-petition, arising during the pendency of this case or before the *Effective Date*; nothing in this Plan shall be construed to constitute a release or waiver of any claim held by the *Debtor*, whether by application of the doctrine of waiver, accord and satisfaction, or otherwise.

8.02.  The *Court* shall retain jurisdiction of the *Debtor* subsequent to the *Effective Date* for the following purposes only:

(a) Allowing claims and hearing objections thereto;
(b) Reserving any adversary proceedings pending;
(c) Allowing and approving the payment of administrative expenses; and
(d) Any other matter reasonably necessary for the *Debtors*' implementation and consummation of this *Plan*.

8.03. All claimants identified in the *Debtor's* Schedules D, E, or F, as "disputed," "unliquidated," or "contingent" must file a proof of claim not later than the bar date or their claim shall be disallowed; claims not indicated to be "disputed," "unliquidated," or "contingent," will be treated as scheduled unless a timely proof of claim has been filed in which case the claim will be determined by the proof of claim. The *Debtor* may file a protective proof of claim pursuant to Bankruptcy Rule 3004 for any creditors, including those not indicated on Schedules D, E, or F as "disputed," "unliquidated," or contingent." The *Debtor* must file any objections to proofs of claim or to scheduled claims no later than 120 days after date of the *Effective Date*. The *Debtor* may file an objection to a proof of claim filed by the *Debtor* pursuant to Bankruptcy Rule 3004.

8.04. If an objection is made to a proof of claim or a portion thereof, any distribution otherwise payable under this *Plan* shall be stayed until a final order is entered with respect to the objection.

8.05. Stipulations with creditors may be filed which will modify the terms of this *Plan* without further disclosure, provided the stipulations so specify and the modification complies with Rule 3019, F. R. Bankr. P.

8.06. The *Debtor* specifically reserves any and all claims or causes of action they may hold; however, any claim or cause of action asserted against any claimant herein may also be asserted as an offset to any proof of claim to which an objection is asserted by the *Debtor*.

8.07. On and after the *Effective Date*, the *Debtor* and professionals whose employment has been approved by the Court shall be exculpated from any and all claims, except claims

arising from willful misconduct or gross negligence, arising between the date of commencement of this case and the *Effective Date*. The *Debtor* and professional shall neither have, nor incur any liability to any Entity for any post-petition, pre-final decree act taken or omitted to be taken in connection with the Chapter 11 Case, or related to formulating, negotiation, soliciting, preparing, disseminating, confirming, or implementing the *Plan* or consummating the *Plan*, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created or entered into in connection with the *Plan* or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring or liquidation of the *Debtor*; provided that the foregoing "Exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted fraud or willful misconduct; provided, further, that each party subject to the exculpation provided hereby, shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the *Plan* or any other related document, instrument, or agreement.

## *ARTICLE IX - SATISFACTION OF INDEBTEDNESS AND INJUNCTION*

9.01. On and after the *Effective Date*, all holders of any claim or cause of action or any rights of any kind whatsoever against the *Debtor* or *Debtor in Possession* shall be enjoined from collecting any claims or pursuing any cause of action against the *Reorganized Debtor*, with respect to any claim or cause of action or exercising any right, except as expressly allowed in this *Plan* assertible against the *Debtor*, the *Debtor in Possession* or the *Reorganized Debtor*. Such injunction shall be effective as to each claim, regardless of whether or not (a) the claim was

scheduled, (b) a proof of claim was filed, (c) the claim is an *Allowed Claim*, or (d) the holder thereof voted to accept the *Plan*.

DATED this 20th day of August, 2018.

**WESTERN CPE, LLC**

By: /s/Vernon B. Hoven
President, Western CPE, LLC

**PATTEN, PETERMAN, BEKKEDAHL & GREEN P.L.L.C.**
2817 2nd Avenue North, Ste. 300
Billings, MT 59101

By: /s/JA Patten
James A. Patten
Attorney for Debtor